# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DARYL B. STEWART, )<br>#173839, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, TRENTON )<br>CORRECTIONAL INSTITUTION; )<br>JON E. OZMINT, DIRECTOR )<br>(SCDC), )<br>)<br>Respondents. )<br>_____) | CIVIL ACTION NO. 9:09-136-HMH-BD<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition was filed pro se on January 15, 2009.[1] Numerous documents were attached to the Petition, and Petitioner filed additional supporting documentation on April 24, 2009.

After being granted an extension of time to respond, the Respondents filed a return and motion for summary judgment on April 30, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 4, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically

---

[1]Since there is not a filing date on the envelope to show when the Petition was received in the prison mail room, the undersigned has given Petitioner the benefit of the doubt and used the date that he signed his application. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner failed to file a response to the motion for summary judgment within the designated time period; however, he had filed a motion to amend in the interim, and in light of Petitioner's pro se status, the Court entered an order on July 8, 2009, granting Petitioner additional time to respond to the motion for summary judgment. Petitioner subsequently filed a motion seeking more time, which was granted. Petitioner then filed a memorandum in opposition on August 18, 2009, which included a cross motion for summary judgment and motion for a hearing. After also receiving an extension of time, the Respondents filed a reply memorandum on October 8, 2009, to which the Plaintiff filed a reply on October 19, 2009.

This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in 1991 in Clarendon County for two counts of safecracking; burglary, second degree; grand larceny; and malicious injury to a telecommunications system [Indictment No. 91-GS-14-132].[3] See Indictment. Petitioner was represented by Public Defender Harold Detwiler, Esquire, and after a trial by jury on March 6, 1991, was found guilty on the charges. (R.pp. 198-199). The trial judge sentenced Petitioner to twenty-five (25) years on each safecracking count, fifteen (15) years on the burglary count, ten (10) years on the grand larceny count, and ten (10) years on the malicious injury count. All sentences were consecutive. (R.pp. 200-201).

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]The trial transcript apparently contains a scrivener's error referring to Indictment No. 91-GS-14-32. (R.p. 198).

2



On February 12, 1993, Petitioner's trial counsel filed a motion to be allowed to file a belated appeal asserting that the notice had been timely served and filed with the county clerk[4], but not with the state supreme court.[5] See Petitioner's Item 2; Respondents' Exhibit [Motion to File Notice of Appeal Late dated February 10, 1993]. Petitioner then filed with the South Carolina Supreme Court a pro se "Motion to Stay Belated Appeal, with Petition for Leave to Proceed in a Petition for Writ of Habeas Corpus, and Request for Appointed Counsel," dated March 11, 1993.[6] Petitioner also filed with the state Supreme Court a pro se "Petition for Writ of Habeas Corpus in the Original Jurisdiction", dated March 17, 1993. On April 22, 1993, the South Carolina Supreme Court issued an order in which it: (1) denied the petition for writ of habeas corpus based on Key v. Currie, 406 S.E.2d 356 (S.C. 1991)[dismissing writs where no extraordinary reason exists to entertain them in the court's jurisdiction]; (2) relieved trial counsel and appointed the Office of Appellate Defense; and (3) denied the motion to stay the appeal. See Order dated April 22, 1993. The Court also issued a separate letter order on April 22, 1993, granting the motion to allow the late filing of the notice of appeal. See Order dated April 22, 1993.

Petitioner was represented on appeal by Tara Dawn Shurling, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed an Anders[7] brief, seeking

---

[4] The Petitioner has attached correspondence dated June 10, 1991, where he inquired about the status of his direct appeal. See Petitioner's Item #1.

[5] Petitioner disputes that his counsel had filed any documentation with the county clerk regarding a direct appeal on his behalf, and contends that all of these actions were in an attempt to prevent his first APCR, which had been filed in the interim, from being heard.

[6] The undersigned was unable to find a copy of this document in the record provided to the Court, but neither party disputes this representation.

[7] Anders v. California, 386 U.S. 738, 744 (1967). See also Johnson v. State, 364 S.E.2d 201
(continued...)



to be relieved and raising the following issue:

> Did the lower court err in permitting the State to introduce hearsay testimony concerning information received through individuals not available for cross-examination where the introduction of this testimony violated the Appellant's right to confront all of the witnesses against him as protected by the Sixth and Fourteenth Amendments to the United States Constitution as well as Art. I, § 14 of the South Carolina State Constitution?

See Brief, p. 3.

Appellant then filed a pro se Supplemental Brief, dated February 23, 1994, in which he raised the following issues:

> 1. Was the Appellant's Fourth (4th) Amendment Rights Against Unlawful Arrest, Search and Seizure Violated, In-Order to subject the Appellant to a fraudulent judicial inquiry, in violation of, Article I., Section 10 of the South Carolina Constitution, and the Fourteenth (14th) Amendment of the United States Constitution;
>
> 2. Was the Appellant's conviction obtained by the solicitor concealing of the disposition of relevant information, and evidence, in violation of appellant's Fourteenth (14th) Amendment Rights to the United States Constitution;
>
> 3. Did the lower court erred (sic) in denying the Appellant the right to counsel. In violation of the Appellant's Sixth (6th) Amendment Rights of the United States Constitution, Article I., Section 14 of the South Carolina Constitution;
>
> 4. Did the lower court erred (sic) in over ruling the Appellant's objections to the Solicitor's Cross-Examination on Non Relevant, and Inadmissible Matters, in Violation of the Appellant's Fifth (5th), Sixth (6th), and Fourteenth (14th) Amendment Rights to the United States Constitution;
>
> 5. Did the lower court jury instructions constitute reversable (sic) error; where said instructions deprived the Appellant of his Fifth (5th), Sixth (6th), and Fourteenth (14th) Amendment rights to due process and equal protection of the law.

See Brief, pp. 11-12.

On July 11, 1994, Chief Appellate Defender Daniel Stacey filed a Supplemental Brief of Appellant,

---

[7](...continued)
(S.C. 1988).



4

along with a motion to file the brief, seeking to add the additional issue, as follows:

> The court erred when it refused appellant's request to instruct the jury that the indictment is not evidence.

See Brief, p. 3.

On September 8, 1994, the South Carolina Supreme Court granted the motion to supplement, and affirmed Petitioner's convictions and sentences. State v. Stewart, Memo Op. No. 94-MO-227 (S.C. 1994). The Remittitur was issued on September 26, 1994.

Prior to trial counsel filing his motion seeking to file a belated direct appeal in the South Carolina Supreme Court, Petitioner had filed an application for post-conviction relief ("APCR") in state circuit court on July 9, 1992. Stewart v. State of South Carolina, No. 1992-CP-14-256. [First APCR]. Petitioner set forth the following issues in his first APCR petition:

> **Ground One**: Ineffective Assistance of Counsel.
>
> **Ground Two**: Failure of Pre-trial Investigations.
>
> **Ground Three**: Failure of Right to Appeal./Counsel Refuse to File Appeal.
>
> **Ground Four**: Denial of Right to Appeal.
>
> **Ground Five**: Abuse of Discretion by Trial Judge.
>
> **Ground Six**: Pyramid of Sentence.
>
> **Ground Seven**: Excessive Sentence./Cruel and Unusual Punishment.
>
> **Ground Eight**: Illegal Search and Seizure.
>
> **Ground Nine**: Violation of 4th, 5th, 8th, and 14th Amendment to the United States Constitution.
>
> **Ground Ten**: Denial of Due Process of Law.

See Petition, p. 2 (page 3 of attachments to page 2).



The PCR judge dismissed this first PCR action without prejudice on August 17, 1993, based on the pendency of the direct appeal. See PCR Order, Case No. 92-CP-256 (dated Aug. 17, 1993).

Also, during the direct appeal Petitioner filed a federal habeas action[8] on July 2, 1993 (Stewart v. Taylor, Civil Action No. 3:93-1648-20BD). That action was dismissed, without prejudice, due to Petitioner's failure to exhaust state remedies. See Order filed in Stewart v. Taylor on Dec. 2, 1993. Following an unsuccessful appeal to the Fourth Circuit Court of Appeals, the mandate was issued and the judgment was filed on April 11, 1994.

On September 21, 1994,[9] Petitioner filed a second APCR, Stewart v. State of South Carolina, No. 1994-CP-14-325, in which he set forth the following issues:

> **Ground One**: The Applicant conviction was obtained pursuant to evidence gained pursuant to a unconstitutional arrest, search and seizure, as well as the Applicant's rights, against illegal surveillance.
>
> **Ground Two**: The Applicant's conviction was obtained by a denial of the Applicant's Fifth (5th) Amendment rights, to a lawful indictment, as well as the Applicant's right, against self incrimination.
>
> **Ground Three:** The Applicant's conviction was obtained by the use of perjury testimony, and manufactured evidence in violation of the Applicant's Fourteenth (14th) Amendment rights, to due process and equal protection of the law.
>
> **Ground Four**: The Applicant's conviction was obtained by the Solicitor's violation of S.C. Criminal Practice Rule 5, by intentionally concealing the disposition of relevant information and evidence and failure to comply with pre-trial motion for discovery, by violation of Brady v. Maryland, 373 U.S. 83 (1963); Mooney v. Holohan, 294 U.S. 103 (1935).

(R.p. 205).

---

[8]Court records indicate that the petition was filed on July 2, 1993. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[9]After his direct appeal had been dismissed, but prior to the Remittitur.

6



Petitioner also filed an amendment to his second APCR dated October 19, 1994 (R.pp. 227-273), in which he set out the following issues:

> 1. The Applicant conviction was obtained by the solicitor knowingly withholding of evidence favorable to the applicant's defense, and deliberately suppressing evidence, and information, in violation of S.C. Criminal Practice Rule 5, and the Applicant's Fifth (5th), Sixth (6th), and Fourteenth (14th) Amendment Rights to the United States Constitution and the mandated authorities of: <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>See</u> also <u>Mooney v. Holohan</u>, 294 U.S. 103 (1935); <u>United States v. Agurs</u>, 472 U.S. 97, 121-122 (176).
>
> 2. The Applicant conviction was obtained by the denial of the Applicant's Sixth (6th), and Fourteenth (14th) Amendment rights to the United States Constitution, and the mandated authorities of: <u>Cole v. Peyton</u> 389 F.2d at 24; <u>Cuylers v. Sullivan</u>, 446 U.S. 335 (1980); <u>McMann v. Richardson</u>, 397 U.S. 759 (1977); <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Burns v. Clayton</u>, 117 S.E.2d 300 (1960); <u>Argersinger v. Hamlin</u>, 407 U.S. 25, 29-33 (1972); <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963); <u>Johnson v. Zerbst</u>, 304 U.S. 458, 467-468 (1938).
>
> 3. The Applicant's conviction was obtained by the denial of the Applicant's Fifth (5th) and Fourteenth (14th) Amendment rights. To be tried by a lawful indictment, and competent evidence, In violation of the Fifth (5th) Amendment of the United States Constitution. Article 1. Section 11 of the South Carolina Constitution, and the statutory Authorities of S.C. Code Ann. Section 17-19-10, 1976 Amended, and the mandated legal authorities of: <u>Jackson v. Virginia</u>, 433 U.S. 307 (1979); Criminal Law 266(7); <u>Coffin v. United States</u>, supra, 156 U.S. at 453; <u>Davis v. United States</u>, supra, 160 U.S. at 488; Constitutional Law 266.

(R.pp. 240, 254, 266).

Petitioner was represented in his second APCR by Fred Henderson Moore[10], Esquire, and an evidentiary hearing was held on Petitioner's application on January 24, 1996. (R.pp. 279, 341). The

---

[10]Petitioner has submitted documents showing that Moore was subsequently suspended from the practice of law for one (1) year by the South Carolina Supreme Court in an opinion filed on December 16, 1997. <u>See</u> Attachment to Plaintiff's Complaint (<u>In the Matter of Fred Henderson Moore</u>, Opinion No. 24725 (filed Dec. 16, 1997)). Moore had previously received an indefinite suspension for trust account violations; <u>Matter of Fred Henderson Moore</u>, 312 S.E.2d 1 (S.C. 1984), <u>reinstatement granted</u>, 377 S.E.2d 922 (S.C. 1989); and a public reprimand for neglecting several legal matters, <u>Matter of Moore</u>, 269 S.E.2d 771 (S.C. 1980).

7



PCR court thereafter denied the petition in its entirety in a written order dated June 6, 1996. (R.pp. 279-285).

Respondent has submitted a copy of a letter dated June 19, 1996, from Petitioner's counsel, Moore, to the PCR judge wherein he advised the court of errors in the order - particulary a section of boilerplate language at the end which discussed the voluntariness of a guilty plea, when Petitioner in fact had a trial. However, Petitioner takes issue with the copy of the letter and argues that it is not a filed copy. In any event, it is undisputed that Moore filed a "motion to vacate and/or for new trial", based on Rule 26(b), S.C.R.Crim.P., and Rule 60, S.C.R.Civ.P., dated June 21, 1996. (R.pp. 290-291). The State sent a letter on July 2, 1996, containing a proposed amended order removing the mistaken portion, and Judge Manning signed the amended order of dismissal on August 2, 1996. See Letter from Barbara M. Tiffin, Assistant Attorney General; see also (R.pp. 292-297). An affidavit of service dated August 9, 1996 reflects that the amended order was served on Petitioner and his counsel. (R.p. 298).

Respondents represent that on November 7, 1996, Moore filed a notice of intent to appeal from the second APCR order with the South Carolina Supreme Court.[11] The State filed a motion to dismiss the appeal asserting that the notice of appeal had not been timely served. Moore filed a reply on December 9, 1996. See Exhibits [filed April 30, 2009]. On January 13, 1997, the South Carolina Supreme Court granted the motion to dismiss. The Remittitur was issued on January 30, 1997. See Attachments filed on October 9, 2009.

On August 14, 1997, Petitioner filed a pro se motion with the state circuit court,

---

[11]Petitioner again disputes this representation, and neither party indicates where this document is located in the record.



seeking relief from the judgment in his second APCR [Docket No. 94-CP-14-325], and based on Rule 60(b)(1),(2), and (3); (R.pp. 299-301); in which he asserted the following issue:

> The Movant will show and prove at hearing into the matter, that this Court should entertain motion based on movant's (1) "mistake," "inadvertence," and "excusable neglect" in bringing before the court prior to motion, that (2) "newly discovered evidence" exists, which the movant will demonstrate a (3) "fraudulent act" took place prior and during March 5, 6, 1991, as well as "misrepresentation or other misconduct of the adverse party," which movant will outline and prove consists of, "Prosecutorial Misconduct." Based on the aforesaid, movant contends [he] is entitled to relief, pursuant to Rule 60(b), and S.C. Code Ann., Section §17-27-20.

See Petition, pp. 5-6.[12]

There is no indication in the record that any action was ever taken on this filing, and on December 31, 2004, Petitioner filed another pro se motion, this time based on Rule 60(b)(4), raising the following issues:

> A. The movant, pro se, now comes before this honorable court seeking to be relieve from the "Amended Order of Dismissal," filed August 13, 1996, by the Respondent; and requests a New Trial, (A Full Evidentiary Hearing into the PCR Application), pursuant to Rule 60(b)(4) of the South Carolina Rules of Civil Procedure.
>
> B. The movant will further show that the PCR judge "lacked subject matter jurisdiction" to "Amend" his previously written, signed and filed (final) judgment [on it's own volition], 60 days after entry of the initial written, filed order; which movant contends a rehearing should be convened based on the legal analysis decided in Pruitt v. State, S.C. Code §17-27-80, Rule 52, (SCRAP); Movant contends and the court records will show that the record is silent as to any motion(s) filed pursuant to, Rule 59(e), SCRAP.

(R.p. 309).

A hearing was held concerning Petitioner's efforts to seek relief from the PCR order on March 22, 2005. (R.pp. 346-355). Petitioner was represented at the hearing by Eleazer Carter,

---

[12]Although the bound record only contains the first page of the motion, the affidavit in support, and certificate of service; (R.pp. 299-301); the parties have submitted a full copy of Petitioner's motion in their attachments.

9



Esquire. Counsel advised the Court that he had only recently been appointed and requested a continuance. Petitioner consented to the continuance, which was then granted by the Court, and the PCR judge instructed the parties to submit briefs on the matter since it was a legal issue. Petitioner represents that he also submitted a pro se brief on April 19, 2005. See Petitioner's Memorandum, p. 14. The state court judge thereafter issued an order on April 22, 2005, in which he denied relief under Rule 60. (R.pp. 362-367).

A notice of appeal was filed with the state supreme court. Assistant Appellate Defender Robert M. Pachak, of the South Carolina Office of Appellate Defense, represented Petitioner and filed a Johnson[13] petition seeking to be relieved and raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner's Rule 60(b) motion was without merit and because it was untimely?

See Petition, p. 2.

Petitioner then filed a pro se "Petition Requesting Reappointment of Appellate Counsel Due to Conflict of Interest", dated October 7, 2005. The South Carolina Supreme Court denied that motion by Order dated November 17, 2005. Petitioner then filed a pro se Petition on or about December 28, 2005, in which he listed the following issues:

> I. Did the Respondent's ethical investigation against the Petitioner's PCR counsel (Fred Henderson Moore) influence a Personal-Interest-Conflict between PCR counsel and Petitioner in violation of the Sixth (6th) Amendment?
>
> II. Did the motion hearing judge err by not determining that the PCR judge engaged unlawfully into ex parte communications with the Respondent when it prepared and entered it's final judgment on June 13, 1996, at 10:39 a.m. on Petitioner's PCR applications?
>
> III. Did the motion hearing judge err by not determining the procedures employed

---

[13]See note 7, supra.

10



by the PCR court in reaching its entry of the final written judgment were violations of the legal analysis decided in, Pruitt v. State and McCray v. State?

IV. Did the motion hearing judge err by not determining the entry of the amended final order of dismissal on August 12, 1996 at 12:33 p.m. to be legal nullity?

V. Did the motion hearing judge err by determining that the PCR Judge's Amendment to the PCR order sixty (60) days later on its own volition was a modification made pursuant to Rule 60(a), SCRCP?

VI. Did the motion hearing judge err when it reached its decision to deny Petitioner's Rule 60(b)(4) motion based on the one (1) year statute of limitation?

VII. Did the motion hearing judge err when it reached its decision to deny Petitioner's Rule 60(b)(4) motion based on the pretense that an alleged rule 59(e) motion was filed by petitioner and timely ruled on by the PCR judge?

See Petition, p. 4.

The case was transferred to the South Carolina Court of Appeals, and on October 29, 2007, the South Carolina Court of Appeals granted counsel's request to be relieved and denied the certiorari petition. Petitioner filed a petition requesting rehearing, which the South Carolina Court of Appeals denied by order dated January 10, 2008. The Remittitur was issued on February 14, 2008.

Petitioner then filed a third APCR, Stewart v. State of South Carolina, No. 2009-CP-14-92, on February 13, 2009 (after he had filed this federal habeas petition), asserting the following issues:

A. Previous Appointed PCR counsel represented a conflict of interest against the Applicant.

B. Fraudulent evidentiary proceeding held on January 24, 1996.

C. Newly (after) discovered evidence of Actual Innocence.

D. Denied the Right to Appeal PCR decisions by appointed PCR counsel, Fred Henderson Moore.

E. Violations of 4th, 5th, 6th, and 14th Amendment to the S.C. and U.S. Constitutions.

11



See Petition, p. 3 and attachments.

Plaintiff's third APCR is still pending in the state court.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Petitioner contends that he was prejudiced and denied due process and equal protection of the law when the lower court purposely created a conflict of interest between PCR counsel and Petitioner when it appointed an incompetent PCR counsel to represent Petitioner that was being investigated for malpractice by agents of the Respondent in violation of the 6th and 14th Amendments to the USCA.

**Ground Two**: The Petitioner was denied due process and equal protection of the law in the lower court when the PCR judge engaged unlawfully into ex parte communications with the Respondent when it prepared and entered it's final judgment on June 13, 1996 at 10:39 a.m. on Petitioner's PCR applications.

**Ground Three**: The Petitioner was denied due process and equal protection of the law in the lower court when it failed to determine that the procedures employed by the PCR court in reaching it's entry of the final written judgment were violations of the legal analysis decided in Pruitt v. State and McCray v. State.

**Ground Four:** The Petitioner was denied Due Process and Equal Protection of the law in the lower court when it failed to determine that the amended PCR final order of dismissal filed on August 12, 1996 at 12:33 p.m. was a legal nullity.

**Ground Five:** The Petitioner was denied Due Process and Equal Protection of the Law in the Lower Court when it determined that the PCR judge amendment to the PCR order sixty (60) days later on its' own volition was a modification made pursuant to Rule 60(a), SCRCP.

**Ground Six:** The Petitioner was denied Due Process and Equal Protection of the Law in the Lower Court when it reached It's Decision to deny Petitioner's Rule 60(b)(4) motion based on a one (1) year statute of limitation.

**Ground Seven:** The Petitioner was denied Due Process and Equal Protection of the law in the Lower Court when it reached it's decision to deny Petitioner's Rule 60(b)(4) motion based on the pretense that an alleged Rule 59(e) motion was filed by the Petitioner and timely ruled on by the PCR judge.

**Ground Eight**: The Petitioner was denied Due Process and Equal Protection of the Law in the Lower Court when it deprived the Petitioner's knowledge of which final



order of dismissal the lower court was relying on when the PCR court entered two (2) final written judgments on the same PCR matter disabling the Petitioner's ability to discern which final PCR judgment to seek appellate review from.

**Ground Nine:** Petitioner was denied Due Process and Equal Protection of the law in the lower (PCR) court when it deprived Petitioner of its 1st, 4th, 5th, 6th and 14th Amendment rights to a discretionary appeal through § 17-27-10, by further depriving the Petitioner of a full and fair evidentiary determination into all the allegations of misconduct committed against Petitioner that involved the lower court attorneys engaging in a fraudulent trial that framed Petitioner before a Judge and jury in the Court of General Sessions for crimes Petitioner did not commit.

See Petition, pp. 6-12, attachments.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Respondents contend in their motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court

13



within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[14] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Section 2244(d)(1) became effective on April 24, 1996. Since Petitioner's conviction became final prior to the enactment of the AEDPA, Petitioner was required to file his federal habeas petition by at least April 24, 1997, unless the statute was tolled.[15] See Pub.L. 104-132, Title I, § 104, 110 Stat. 1218; Brown v. Angelone, 150 F.3d 370-371 (4th Cir. 1998)[adopting one (1) year as the reasonable period]. Since Petitioner's second APCR was already pending on April 24, 1996, the

---

[14] Antiterrorism and Effective Death Penalty Act of 1996.

[15] The Remittitur in Petitioner's direct appeal was entered September 26, 2004, Petitioner's first APCR was dismissed on August 17, 1993, and his first federal habeas petition was dismissed by the Fourth Circuit on April 11, 1994. Since these actions were all dismissed prior to the enactment of the AEDPA, they have no effect on the timeliness of this petition under the AEDPA.

14



period of limitations was tolled until January 30, 1997, the date that the Remittitur was issued in Petitioner's second APCR.[16] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).

By the time Petitioner filed his pro se Rule 60 motion on August 14, 1997[17], one hundred and ninety-five (195) days[18] of non-tolled time had accrued since the Remittitur was issued

---

[16] The period is tolled until the date that the Remittitur is issued by the South Carolina Court of Appeals. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].

[17] Petitioner argues in his memorandum that the "prisoner mailbox rule" applies to the filing of his Rule 60 motion, and that the date of its "filing" should therefore be deemed to have been August 8, 1997. See Petitioner's Brief, pp. 12-13. However, the undersigned has found no South Carolina statutory directive or case law which indicates that South Carolina has adopted the so-called "prisoner mailbox rule," articulated in Houston v. Lack, supra. See Anderson v. Riley, No. 07-607, 2008 WL 509062 at * 1 n. 2 (D.S.C. Feb. 21, 2008). In any event, even if this court were to apply the "mailbox rule" to Petitioner's Rule 60 motion to deem it filed as of August 8, 1997, Petitioner's habeas corpus petition would still be untimely filed in this court. See, discussion.

[18] In Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 683-687 (2009), the Supreme Court held that when state court grants a criminal defendant the right to file an *out-of-time direct appeal* during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of limitations period is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a state PCR action (similar to the Rule 60 motion in the case here) does not retroactively toll the statute back to the filing date of the original APCR. See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)[holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001)[holding that after the appeal period has lapsed, an application for further appellate review ceases to be
(continued...)



on his second APCR.[19] Assuming that the filing of this motion tolled the limitations period, it remained tolled until February 14, 2008, when the Remittitur was issued by the state Court of Appeals. By the time Petitioner then filed this action on January 15, 2009, three hundred and thirty-five (335) days of additional non-tolled time had accrued since the final disposition on February 14, 2008, of his Rule 60 motion in his second APCR. Adding these two time periods together, a total of five hundred and thirty (530) days of non-tolled time passed prior to Petitioner filing this federal habeas petition.[20] Therefore, Petitioner did not timely file this federal petition, and his claims are barred from consideration by this Court absent a showing of entitlement to equitable tolling.

## II.

Although Petitioner makes several arguments for why his petition should not be time barred, he does not set forth any reason to show that he is entitled to equitable tolling in this case.

---

[18](...continued)
"pending" for purposes of calculating federal habeas corpus tolling provision]; Gibson v. Klinger, 232 F.3d 799, 804-808 (10th Cir. 2000)[concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court]; Fernandez v. Sternes, 227 F.3d 977, 981 (7th Cir. 2000)[holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; Small v. Norris, No. 08-273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009)[Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]. Accordingly, Petitioner did not have a PCR action pending after the Remittitur was filed until he filed his pro se Rule 60 motion, which arguably did not even toll the statute at that time. See discussion, infra.

[19]This calculation is made assuming, arguendo, that the time period is even tolled by the filing of Petitioner's pro se Rule 60 motion, which the state court deemed to be untimely. Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]].

[20]As previously discussed, the six days of non-tolled time that Petitioner requests based upon the mailbox rule would not make this Petition timely filed. See discussion, supra.

16



While the federal one year statute of limitations can be subject to equitable tolling; see Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); the Fourth Circuit held in Harris that circumstances will rarely warrant equitable tolling, and that a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Also, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113).

Here, as a potential consideration for equitable tolling, Petitioner argues that the Respondents prevented him from pursuing his first APCR because they prevented him from appealing the merits of his APCR. See Petitioner's Brief, pp. 3-4. This argument is without merit because the conduct of which Petitioner complains occurred prior to the enactment of the AEDPA. None of that time period has been counted against the Petitioner.

Petitioner also argues that his first PCR Rule 60 motion which was filed in his second PCR has not been ruled on and is therefore still pending in state court. See Petition, pp. 16-18. However, the record reflects that after Petitioner's counsel filed his first Rule 60 motion on June 21, 1996, the PCR court issued an amended order of dismissal on August 2, 1996. See Letter from Barbara M. Tiffin, Assistant Attorney General; see also (R.pp. 292-297). The affidavit of service reflects that the amended order was served on Petitioner and his counsel on August 9, 1996 . (R.p.



17

298). After Petitioner's counsel appealed this decision, the South Carolina Supreme Court granted the motion to dismiss Petitioner's second APCR on January 13, 1997, and the Remittitur was issued on January 30, 1997. See Attachments filed by the Respondents on October 9, 2009. Accordingly, Petitioner's argument that his second APCR is still open is without merit.

Even if Petitioner is referring to the pro se Rule 60 motion he filed on August 14, 1997, the record reflects that the state Court found no basis for Rule 60 relief in an order issued April 22, 2005. (R.pp. 362-367). That ruling was appealed, during which Petitioner was allowed to file a pro se brief asserting his position, with the appeal being dismissed by the state Appellate Court on January 10, 2008. This argument is without merit.

Accordingly, Petitioner has not shown that he is entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Petitioner's motion for summary judgment and for a hearing be **denied**, that Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



18

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 20, 2010

Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P.O. Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

